UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:26cv61702

AMANDA CONNELL,

   *Plaintiff,*

vs.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and EQUIFAX INFORMATION
SERVICES, LLC,

   *Defendants.*

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff, AMANDA CONNELL ("Plaintiff" or "Ms. Connell"), by and through the undersigned counsel, files this Complaint against Defendants TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA"), and as grounds thereof would allege as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in BROWARD County, Florida.

## PARTIES

4. Plaintiff is a natural person who, at all times relevant to this action, resided in Broward County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6. Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7. Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8. Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs").

## **FACTUAL ALLEGATIONS**

9. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—

(A) credit or insurance to be used primarily for personal, family, or household purposes;

(B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

10. The terms "consumer report," "credit report," and "credit file" are used synonymously herein.

11. If a consumer believes their credit report is inaccurate or incomplete, the FCRA allows the consumer to dispute the inaccurate or incomplete information directly with the consumer reporting agency.

### *The Statutorily Required Reinvestigation*

12. When a consumer reporting agency receives a dispute from a consumer regarding the accuracy or completeness of information in the consumer's file, the FCRA requires the agency to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

13. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), a consumer reporting agency must, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.

14. 15 U.S.C. § 1681e(b) requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15. A consumer reporting agency may not merely "parrot" or rubber-stamp a furnisher's verification where the consumer has provided readily verifiable information

demonstrating that the furnisher's information is inaccurate, incomplete, or internally inconsistent.

### *The Truist Account and the Facially Incoherent Reporting*

16. At all times relevant hereto, the CRAs reported a Truist Bank auto loan account ending in 1101 (the "Truist Account") on Plaintiff's consumer reports and credit files.

17. The CRAs reported the Truist Account as delinquent, including a sixty (60) day late payment in April 2025, reflecting a past due status with a past due date of February 7, 2025 and a past due amount of $177.93.

18. The circumstances that lead to the late payment reporting centered around Plaintiff's loan with Truist being paid off in full, after it was declared a total loss.

19. Plaintiff's vehicle was totaled in November 2024 and remittance of $17,447.69 was provided to Truist by Plaintiff's insurance company.

20. On January 7, 2025 the remittance check of $17,447.69 was deposited.

21. Additionally, there was a Guaranteed Asset Protection ("GAP") refund issued of $1,719.89.

22. Plaintiff was in communication with Truist during this time who informed her the GAP refund would be applied to any upcoming payments.

23. On February 25, 2025, when Plaintiff logged into her Truist account online her loan showed a $0.00 balance.

24. On March 9, 2025, Plaintiff logged into her Truist account and saw a minimum payment due as of February 7, 2025 for $1,691.09 with a listed balance of $443.12.

25. Instead of applying GAP refund to any upcoming payments, Truist applied it to the end of the loan, which Plaintiff had no idea of because Truist did not send any monthly statements to Plaintiff.

26. On or about May 5, 2025 Plaintiff reviewed her available credit reports and saw she was marked late up to 60 days; she called Truist immediately and was told she had a balance of $462.24, which she paid upon being notified.

27. On or about July 30, 2025, Truist sent Plaintiff a letter stating that Plaintiff "paid off the above referenced loan earlier than the date your last payment on the loan was scheduled to be made." The same letter further stated: "Because you paid off your loan early, you are due a refund of the unused portion of the Product purchase price."

28. Truist's own records thus confirm that the Truist Account was paid off ahead of its scheduled maturity and satisfied in full, which is irreconcilable with a sixty (60) day delinquency on the same account.

29. The CRAs' reporting of the Truist Account is facially incoherent and internally inconsistent. Plaintiff could not simultaneously be sixty (60) days delinquent on the Truist Account and have paid that same loan off ahead of schedule. A loan that has been paid off early cannot also be past due.

30. Because the reporting conveys two mutually exclusive states—an unpaid, delinquent loan and a loan paid in full ahead of schedule—the reporting of the Truist Account is inaccurate and/or materially misleading and creates a materially misleading impression of Plaintiff's creditworthiness to those who view her credit file.

*Plaintiff's Disputes to the CRAs*

31. On or about September 29, 2025, Plaintiff sent written disputes to Trans Union, Experian, and Equifax disputing the sixty (60) day late mark reported on the Truist Account and requesting that it be corrected or removed (the "First Dispute"). The First Dispute was accompanied by supporting documentation.

32. On or about March 10, 2026, Plaintiff sent a second written dispute to Trans Union, Experian, and Equifax (the "Second Dispute," and together with the First Dispute, the "Collective Disputes"), again disputing the delinquency and enclosing Truist's July 30, 2025 letter confirming that the loan had been paid off early.

33. Through the Collective Disputes, Plaintiff provided the CRAs with readily verifiable information—including Truist's own July 30, 2025 letter—placing each CRA on notice that the reported delinquency was inaccurate and irreconcilable with the early payoff of the Truist Account.

34. Despite receiving the Collective Disputes, the CRAs continued to report the Truist Account as delinquent and sixty (60) days late.

35. Upon receiving the Collective Disputes, the CRAs failed to conduct a reasonable reinvestigation and instead unreasonably relied upon—i.e., merely parroted—Truist's verification, while ignoring the readily verifiable and facially contradictory information that Plaintiff provided.

*Damages*

36. As a result of the inaccurate and misleading reporting, on or about May 8, 2026, Plaintiff's application for an Apple Card, issued by Goldman Sachs Bank USA, was denied. The adverse action was based upon information obtained from Trans Union and

cited, among other reasons, "Serious delinquency" and "Time since delinquency is too recent or unknown."

37. On or about May 9, 2026, Citibank, N.A. denied Plaintiff's request to increase the credit limit on her Citi Diamond Preferred Mastercard ending in 5414, based upon information obtained from Equifax.

38. Plaintiff's application for a Discover it Credit Card was likewise declined.

39. As a result of the CRAs' violations of the FCRA, Plaintiff suffered actual damages, including mental and emotional distress associated with the inaccurate information being disseminated to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

## COUNT I – VIOLATIONS OF 15 U.S.C. § 1681i AGAINST TRANS UNION

40. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

41. At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

42. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

43. During the relevant time frame, Trans Union received Plaintiff's First Dispute and Second Dispute (the "Collective Disputes") regarding the accuracy or completeness of the Truist Account appearing on Plaintiff's consumer disclosure.

44. Trans Union violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of the inaccuracies contained therein.

45. Additionally, Trans Union unreasonably relied on information provided by Truist, when readily verifiable information that Plaintiff provided in the Collective Disputes placed Trans Union on notice that Truist's information was inaccurate and unreliable.

46. Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Alternatively, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

48. As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with the inaccurate information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT II – VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST TRANS UNION

49. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

50. At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

51. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

52. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

53. Any users of credit reports that viewed the Truist Account saw the inaccurate and misleading information.

54. Even after Plaintiff's Collective Disputes, the Truist Account continued to be reported with the inaccurate delinquency.

55. Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Trans Union negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

57. As a result of Trans Union's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Trans Union in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT III – VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EXPERIAN

58. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

59. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

60. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

61. During the relevant time frame, Experian received Plaintiff's First Dispute and Second Dispute (the "Collective Disputes") regarding the accuracy or completeness of the Truist Account appearing on Plaintiff's consumer disclosure.

62. Experian violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of the inaccuracies contained therein.

63. Additionally, Experian unreasonably relied on information provided by Truist, when readily verifiable information that Plaintiff provided in the Collective Disputes placed Experian on notice that Truist's information was inaccurate and unreliable.

64. Experian's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. Alternatively, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. As a result of Experian's FCRA violations, Plaintiff suffered mental and emotional distress associated with the inaccurate information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT IV – VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST EXPERIAN

67. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

68. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

69. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

70. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

71. Any users of credit reports that viewed the Truist Account saw the inaccurate and misleading information.

72. Even after Plaintiff's Collective Disputes, the Truist Account continued to be reported with the inaccurate delinquency.

73. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

75. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Experian in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT V – VIOLATIONS OF 15 U.S.C. § 1681i AGAINST EQUIFAX

76. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

77. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

78. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

79. During the relevant time frame, Equifax received Plaintiff's First Dispute and Second Dispute (the "Collective Disputes") regarding the accuracy or completeness of the Truist Account appearing on Plaintiff's consumer disclosure.

80. Equifax violated 15 U.S.C. § 1681i by failing to correct, update or delete inaccurate information in Plaintiff's credit file after receiving actual notice of the inaccuracies contained therein.

81. Additionally, Equifax unreasonably relied on information provided by Truist, when readily verifiable information that Plaintiff provided in the Collective Disputes placed Equifax on notice that Truist's information was inaccurate and unreliable.

82. Equifax's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83. Alternatively, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

84. As a result of Equifax's FCRA violations, Plaintiff suffered mental and emotional distress associated with the inaccurate information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### <u>COUNT VI – VIOLATIONS OF 15 U.S.C. § 1681e(b) AGAINST EQUIFAX</u>

85. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 39 as if fully set forth herein.

86. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

87. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

88. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

89. Any users of credit reports that viewed the Truist Account saw the inaccurate and misleading information.

90. Even after Plaintiff's Collective Disputes, the Truist Account continued to be reported with the inaccurate delinquency.

91. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92. In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. § 1681o.

93. As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter the following relief against Equifax in the form of: actual damages in an amount to be determined by the jury; punitive damages in an amount to be determined by the jury; statutory damages as determined by the Court; attorneys' fees, litigation expenses and costs; interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## <u>JURY DEMAND</u>

94. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**

*/s/ Kevin Rajabalee, Esq.*
Kevin Rajabalee, Esq.
Fla. Bar No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw.com
dayami@debtshieldlaw.com
service@debtshieldlaw.com

*Attorney for Plaintiff*